UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>ROBERT CODY CAMERON GENOWAY,<br><br>　　　　　Defendant. | No. 4:16-cr-06052-SAB<br><br>**ORDER GRANTING MOTION FOR PROTECTIVE ORDER AND MOTION TO EXPEDITE** |

　　　Before the Court is a Stipulated Motion for a Protective Order, ECF No. 29, and a related motion to expedite, ECF No. 30. The government filed these motions on April 24, 2017, and noted them for hearing on the same day. The government offers no factual information on why an expedited review is necessary. This is part of a distressing pattern of litigants before this Court filing last-minute motions and expecting instantaneous review in violation of the Local Rules.

　　　Regardless, because this particular motion is (1) stipulated, (2) required by statute, and (3) in the interests of protecting a minor, the Court finds good cause to **grant** it.

//
//
//
//
//

ORDER GRANTING MOTION FOR PROTECTIVE ORDER . . . ^ 1

Accordingly, **IT IS HEREBY ORDERED:**

1. The Stipulated Motion for Protective Order, ECF No. 29, is **GRANTED**.

2. The Motion to Expedite, ECF No. 30, is **GRANTED**.

3. The privacy protection measures mandated by 18 U.S.C. § 3509(d), when a case involves a person under the age of eighteen years who is alleged to be a victim of a crime of sexual exploitation, or a witness to a crime committed against another person, apply to this case.

4. All persons acting in this case in a capacity described in 18 U.S.C. § 3509(d)(1)(B), shall follow and abide by the privacy protections of 18 U.S.C. § 3509(d)(1) and (2) as follows:

    A. The following persons shall abide by the protective measures identified below in subpart B: all employees of the Government connected with the case, including employees of the Department of Justice, any law enforcement agency involved in the case, and any person hired by the Government to provide assistance in the proceeding; employees of the court; Defendant and employees of Defendant, including the attorney for Defendant and persons hired by Defendant or the attorney for the defendant to provide assistance in the proceeding; and members of the jury, if one is empaneled. Counsel shall remind all persons providing assistance on this case of these obligations.

    B. The following protective measures shall apply in this case:

    1. All papers to be filed in court that disclose the name of or any other information concerning a child shall be filed under seal without necessity of obtaining a court order. The person who makes the filing shall submit to the clerk of the court the complete paper to be kept under seal; and the paper with the portions of it that disclose the name of or other information concerning a child redacted, to be placed in the public record.

    2. Because the Court concludes that there is a significant possibility that the public disclosure of the alleged child victim's name and other personal

information would be detrimental to the alleged child victim, the Court further orders that that any alleged minor victim will be referred to either by initials or a pseudonym, whichever is agreed upon by counsel for the United States and the Defendant. Counsel shall be consistent in their use of the identifier selected. The parties shall prepare their witnesses and instruct them to refer to the alleged minor victims only by using the agreed pseudonyms (e.g., "Jane Doe 1," "Jane Doe 2," etc.), rather than their names, in opening statements and in closing arguments.

3. All personal information relating to any minor victim shall be precluded from public disclosure.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this Order and furnish copies to counsel.

**DATED** this 27th day of April, 2017.



_____
Stanley A. Bastian
United States District Judge

ORDER GRANTING MOTION FOR PROTECTIVE ORDER . . . ^ 3